# EXHIBIT 3

IN THE _____ JUDICIAL DISTRICT COURT
COUNTY COURT AT LAW NUMBER _____
EL PASO COUNTY, TEXAS

| | |
|---|---|
| **GREGORIOS SAKELLAKOS,** § | |
| § | |
| § | |
| PLAINTIFF, § | |
| § | |
| VS. § | CAUSE NO.: _____ |
| § | |
| **VERIZON WIRELESS TEXAS, LLC,** § | |
| § | |
| § | |
| § | |
| DEFENDANT. § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, GREGORIOS SAKELLAKOS, PLAINTIFF, by and through his attorney of record, John P. Valdez of Davie & Valdez P.C., and files this, Plaintiff's Original Petition, and for cause of action would show the Court as follows:

### DISCOVERY CONTROL PLAN

1. Discovery will be conducted under Level III of Rule §190.4 of the Texas Rules Of Civil Procedure.

### PARTIES TO THIS ACTION

2. Plaintiff resides in Las Cruces, New Mexico.

3. Defendant Verizon Wireless Texas, LLC is a Delaware corporation that does regular and systematic business in the State of Texas. Said Defendant may be served with process by serving its Registered Agent, C T Corporation System, 1999 Bryan St. Ste. 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4. Venue is proper in El Paso County, Texas because the incident made the subject matter of this lawsuit occurred in El Paso County, Texas.

## FACTS

5. Plaintiff worked for Defendant as a Sales Representative and was later promoted to SMB Specialist in or around November of 2015.

6. Plaintiff began working for Defendant in El Paso, Texas on or about May 1, 2004, at the age of 30. Plaintiff's National Origin is Greek. Plaintiff was 45 years of age when Defendant terminated his employment.

7. In or around mid-2018, Defendant began to restructure certain positions. In or around June 6, 2018, Plaintiff was interviewed by Claudia Hidalgo, a female of Mexican national origin who was younger than Plaintiff, for the SMB Manager position. Plaintiff was later advised that Ernest Andrade, a person with Mexican national origin and younger than Plaintiff, would be getting the position because he had some other managers' and district managers' endorsements. Plaintiff had more knowledge of the job, as he was already performing that role, and had more experience than Andrade. Defendant failed to promote Plaintiff because of his national origin and age.

8.  Plaintiff began working under the supervision of Ernest Andrade, SMB Manager, in or around July of 2018.  Almost immediately, Andrade began to harass Plaintiff and treat him less favorably than other co-workers.  Andrade assigned the busier stores to the new hires who were younger females mostly of Mexican national origin.  Plaintiff struggled to meet his numbers because he was assigned the two slowest stores.  Plaintiff requested to have the busier stores assigned to him because of his tenure but Andrade denied him that request.

9.  On or about September 10, 2018 and again on or about September 21, 2018, Plaintiff contacted Jonathan Rodarte with Human Resources to express his concerns of how he was being singled out, harassed and targeted by Andrade.  Plaintiff advised Rodarte he felt discriminated against by Andrade for being Greek and a male.  Rodarte said he would look into it.

10.  On or about September 25, 2018, Defendant terminated Plaintiff's employment. Plaintiff was replaced by Imelda Ramirez who is a female of Mexican national origin and under the age of 40. Plaintiff believes he was discriminated and retaliated against on the basis of sex, national origin and age and was retaliated against for engaging in protected activity in violation of Chapter 21 of the Texas Labor Code.

### Cause of Action

11.  Plaintiff brings this lawsuit against Defendants for sex, national origin and age discrimination and retaliation under Chapter 21 of the Texas Labor Code.  More than 180 days prior to the filing of this lawsuit Plaintiff filed a complaint with the Texas Workforce Commission, Civil Rights Division.  All conditions precedent to the filing of this lawsuit have been met.

### EQUITABLE RELIEF

12. Plaintiff further seeks equitable relief in that Defendant be enjoined from engaging in unlawful employment practices in the future.

### DAMAGES

13. As a result of the retaliation and wrongful termination of Plaintiff as described above, Plaintiff has suffered and continues to suffer from the following:

    a. Lost wages and loss of wage earning capacity, past and future;

    b. Mental anguish, past and future; and

    c. Other damages.

14. The actions of Defendant were of the type and kind that should result in an award of punitive damages against Defendant.

15. Plaintiff is entitled to an award of attorney fees.

16. Plaintiff seeks monetary relief over $200,000.00, but not more than $1,000,000.00 and the damages sought are within the jurisdictional limits of this court.

### JURY REQUEST

17. Plaintiff requests a Trial by Jury on all issues as set forth herein.

### REQUEST FOR DISCLOSURE

18. Pursuant to TEXAS RULES OF CIVIL PROCEDURE, you are requested to disclose the information set out within §194.2, subsections (A) through (L) within 51 days of service of this Petition.

**PRAYER**

19. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant be cited to appear and answer and that on final trial judgment be entered against Defendant for all relief requested, as follows:

   d. Judgment against Defendant for actual damages in an amount that is within the jurisdictional limits of this Court;

   e. Pre and post-judgment interest, as described by law, until paid;

   f. Costs of suit;

   g. Attorney fees;

   h. Punitive damages; and

   i. Such other and further relief, general and special, at law or at equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**DAVIE & VALDEZ P.C.**
1801 N. Stanton
El Paso, Texas 79902
(915) 838-1100

By: *John P. Valdez*

**JOHN P. VALDEZ**
State Bar No. 24047021
john@davievaldez.com